UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CITY OF GREENWOOD, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:12-cv-0652-JMS-DKL |
| | ) | |
| TCF BANK, N.A., | ) | |
|     *Defendant.* | ) | |
| | ) | |

## SECOND ORDER TO SHOW CAUSE

Defendant TCF Bank, N.A. ("TCF"), removed this case from state to federal court on May 14, 2012. [Dkt. 1.] In its removal papers, TCF alleges that it is a national banking association with its principal place of business in Minnesota. [*Id.* at 1.]

On May 16, 2012, the Court issued an order requiring TCF to show cause as to why this case should not be remanded to state court due to TCF's failure to establish complete diversity jurisdiction. [Dkt. 6.] The Court specifically pointed out that the United States Supreme Court has held that a national banking association is deemed to be a citizen of "the State <u>designated in its articles of association</u> as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (interpreting 28 U.S.C. § 1348) (emphasis added).

On May 17, 2012, TCF filed a response to the Court's show cause order, alleging that its "main office [is] located in Sioux Falls, South Dakota," which TCF contends makes it a citizen of South Dakota. [Dkt. 7 at 1-2.] Despite the court's citation of the key holding of *Wachovia Bank* expressly referring to the main office as designated in the articles of association, TCF's filing inexplicably makes no reference to its articles of association. This unexplained omission, combined with the fact that TCF initially alleged that it was a Minnesota citizen and now alleges that it is a South Dakota citizen, undermines the reliability of TCF's jurisdictional allegations.

- 1 -

As the party seeking removal, TCF has the burden to prove that this Court has jurisdiction. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (holding that "any doubt regarding jurisdiction should be resolved in favor of the states" and "the burden of establishing federal jurisdiction falls on the party seeking removal"). As the Court previously reminded TCF, the Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the Court concludes that TCF's jurisdictional statement, [dkt. 7], fails to discharge the Court's show cause order, [dkt. 6]. Accordingly, TCF must **SHOW CAUSE** by **May 23, 2012**, why this case should not be remanded to state court due to TCF's failure to establish complete diversity jurisdiction in its removal papers. The Court **ORDERS** TCF to attach the applicable portion(s) of its articles of association setting forth the location of its main office. If TCF fails to file a jurisdictional statement that substantially complies with the Court's order or its burden as the removing party to establish that this Court has jurisdiction, the Court will remand this case to state court.

05/18/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Vincent Thomas Borst
ASKOUNIS & BORST PC
vborst@rsplaw.com

Samuel D. Hodson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
shodson@beneschlaw.com